# In the United States Court of Federal Claims

No. 20-1211C

(Filed Under Seal: October 21, 2020; Refiled: October 30, 2020*)

| | |
|---|---|
| ************************************ | |
| | * |
| SUPERIOR OPTICAL LABS, INC., | * |
| | * |
| Plaintiff, | * Bid Protest; Motion for Judgment on the |
| | * Administrative Record; Motion for |
| | * Permanent Injunction; Veterans Benefits, |
| v. | * Health Care, and Information |
| | * Technology Act of 2006; 38 U.S.C. 8127; |
| THE UNITED STATES, | * Rule of Two; SDVOSB and VOSB set- |
| | * asides; AbilityOne program; Department |
| Defendant, | * of Veteran Affairs Contracting |
| and | * Preference Consistency Act; Small |
| | * Business Set Aside; Statutory |
| WINSTON-SALEM INDUSTRIES FOR | * Interpretation; Chevron Deference; |
| THE BLIND | * Veterans Integrated Service Networks. |
| | * |
| Defendant-Intervenor. | * |
| | |
| ************************************ * | |

*Robert J. Sneckenberg*, with whom were *John E. McCarthy Jr.*, and *Rina M. Gashaw*, Crowell & Moring LLP, Washington, D.C., and *Elizabeth Haws Connally*, Connally Law, PLLC, San Antonio, Texas, for Plaintiff Superior Optical Labs, Inc.

*Vincent D. Phillips, Jr.*, Senior Trial Attorney, with whom were *Jeffrey Bossert Clark*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Douglas K. Mickle*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Natica Chapman Neely*, Staff Attorney, VA Office of General Counsel, District Contracting National Practice Group, Washington, D.C., for Defendant.

*Jessica C. Abrahams*, with whom was *Dana B. Pashkoff*, Faegre Drinker Biddle & Reath LLP, Washington, D.C., for Intervenor Winston-Salem Industries for the Blind.

---

\* This case was originally assigned to Judge Thomas C. Wheeler, who filed this opinion and order under seal on October 21, 2020, which gave the parties 7 days to propose redactions. This case was transferred to Judge Edward H. Meyers on October 28, 2020. This opinion is reissued for publication as Judge Wheeler entered it with redactions of proprietary competition-sensitive information proposed by the parties. Redactions are indicated in the form of [\*\*\*\*].

<u>OPINION AND ORDER</u>

WHEELER, Judge.

This bid protest concerns the interpretation of a statutory exception contained in the Department of Veterans Affairs Contracting Preference Consistency Act of 2020 ("Consistency Act"), Pub. L. No. 116-155, which amended the Veterans Benefits, Health Care, and Information Technology Act of 2006 ("VBA"), Pub. L. No. 109-461. Under the VBA, the Department of Veterans Affairs ("VA") is required to set goals for providing contracts to veteran-owned small businesses ("VOSBs") and service-disabled veteran-owned small businesses ("SDVOSBs"). The VBA includes a "Rule of Two" mandate, which requires the VA to determine whether there are at least two veteran-owned small businesses capable of performing the work prior to procuring any goods or services from other providers. If the Rule of Two is satisfied, the VA must set-aside the procurement for veteran-owned small business contractors.[1]

In this bid protest, Plaintiff, Superior Optical Labs, Inc. ("Superior Optical"), challenges the VA's decision to move the requirements that are currently set-aside for veteran-owned small businesses back to the federal AbilityOne program, which requires federal agencies to procure products and services from qualified non-profit agencies that employ people who are blind or otherwise severely disabled. The requirements involve prescription eyeglasses and optical services in the VA's Veterans Integrated Service Networks ("VISNs") 2 and 7. As grounds for its protest, Superior Optical argues that the VA's decision to transition these requirements back to the AbilityOne program (1) violates the recently enacted Consistency Act, (2) violates the VA's own interpretation of the Consistency Act detailed in its Class Deviation, and (3) is arbitrary and capricious. On September 18, 2020, Winston-Salem Industries for the Blind ("IFB"), a qualified non-profit AbilityOne entity set to takeover VISNs 2 and 7, intervened in this case.

Currently before the Court are the parties' cross-Motions for Judgment on the Administrative Record. For the reasons explained below, the Court finds that the VA's decision to transfer the VISN 2 and 7 requirements to the AbilityOne program violates the Consistency Act. Accordingly, the Court GRANTS Superior Optical's protest and its accompanying request for a permanent injunction. The Court DENIES the Government's dispositive Motion for Judgment on the Administrative Record ("MJAR").

---

[1] For purposes of this opinion veteran-owned small businesses is used for both SDVOSBs and VOSBs.

Background

I.      AbilityOne Program

The Javits-Wagner-O'Day Act ("JWOD"), 41 U.S.C. §§ 8501–06, requires all government agencies, including the VA, to purchase certain products and services from designated non-profits that employ blind and otherwise disabled people.  Congress enacted the JWOD to provide employment opportunities for the blind and "other severely disabled" individuals.  Id. at § 8501.  The JWOD created an independent agency, the Committee for Purchase From People Who Are Blind or Severely Disabled ("AbilityOne Committee"), to effectuate its purpose.  Id. at § 8502.  The AbilityOne Committee is charged with creating a procurement list ("AbilityOne list").  Id. at § 8503(a).  The AbilityOne list consists of "suitable" products and services produced by non-profits that AbilityOne has identified as non-profit entities that employ individuals who are blind or severely disabled.  Id. at § 8503(a).  Typically, a federal agency seeking to procure a product or service identified on the AbilityOne list must acquire them from a designated AbilityOne provider.  See id. § 8503.  When compiling the AbilityOne list, the Committee works with agencies to determine which products and services should be added.  See id. at § 8503(d); PDS Consultants, Inc. v. United States, 132 Fed. Cl. 117, 121 (2017), aff'd, 907 F.3d 1345 (Fed. Cir. 2018).

II.      The Veterans Benefit Act

On December 22, 2006, Congress passed the VBA to "increase contracting opportunities" for veteran-owned small businesses. 38 U.S.C. § 8127(a).  Specifically, it directs the VA to set annual goals for procurement priority to veteran-owned small businesses.  Id.  To that end, the VBA of 2006 creates a mandatory preference for veteran-owned small businesses if the contracting officer, after conducting the Rule of Two analysis, determines that there are at least two veteran-owned small businesses capable of performing the work at a fair and reasonable price.  See 41 U.S.C. § 8127(d)(1).  The VBA also provides VA contracting officers the ability to award contracts below certain dollar thresholds to veteran-owned small businesses on a sole-source basis.  Id. at § 8127(c); see also id. at § 8127(b).

In 2016, the Supreme Court held in Kingdomware Technologies, Inc. v. United States, 136 S. Ct. 1969 (2016), that the VA must conduct the Rule of Two Analysis when procuring all VA goods and services "[e]xcept when the Department uses the noncompetitive and sole-source contracting procedures in subsections (b) and (c)…" Kingdomware Tech., 136 S. Ct. at 1977.   In other words, if the requirements of the Rule of Two were met the VA had to prioritize veteran-owned small businesses, not AbilityOne suppliers, when procuring goods and services—even those on the AbilityOne list.

Shortly thereafter, in 2017, a service-disabled veteran-owned small business filed a bid protest in this Court challenging the VA's decision to purchase eyewear services from AbilityOne provider IFB (defendant-intervenor in this case) in four VISNs, including VISNs 2 and 7, at issue here, without first conducting a Rule of Two analysis. See PDS Consultants, 132 Fed. Cl. at 119–20. In PDS Consultants, Inc. v. United States, the Court resolved an apparent conflict between the JWOD's requirement that federal agencies purchase certain items from small businesses that employ blind and disabled individuals and the VBA's requirement that the VA limit competition for its procurement to veteran-owned small businesses.

On May 30, 2017, Senior Judge Firestone found that the VA should have applied the Rule of Two to all procurements that took place after the VBA passed. See id. at 128. The Federal Circuit affirmed, stating, "where a product or service is on the [AbilityOne] List and ordinarily would result in the contract being awarded to a nonprofit qualified under the JWOD, the VBA unambiguously demands that priority be given to veteran-owned small businesses." PDS Consultants, Inc. v. United States, 907 F.3d 1345, 1360 (Fed. Cir. 2018).

###### III.    The Consistency Act

In response to the Federal Circuit's holding in PDS Consultants, Congress passed the Consistency Act of 2020, amending the VBA. The purpose of the Consistency Act was to prioritize blind and severely disabled entities by requiring the VA to use AbilityOne non-profit providers, rather than prioritizing veteran-owned small businesses, when procuring any products or services added to the AbilityOne list prior to December 22, 2006. See 38 U.S.C. § 8127(a); 165 Cong. Rec. E1597-03, 2019 WL 6885484 (Dec. 17, 2019). Specifically, the Consistency Act provided that the Rule of Two analysis is not required for procurements of covered goods or services that were added to the AbilityOne list prior to the enactment of the VBA in 2006. See 38 U.S.C. § 8127(d)(2)(A). The Act transitioned all covered products and services on the AbilityOne list back to the AbilityOne providers.

However, in passing the bill, the Senate added an exception to protect some requirements that the VA had already transitioned to veteran-owned small businesses. Id. at § 8127(d)(2)(B). The Senate exception stated that if the VA awarded a contract for a covered product or service to a veteran-owned small business pursuant to a Rule of Two determination between December 22, 2006 and August 7, 2020, the VA could not transition these requirements back to the AbilityOne program until such time as a new Rule of Two analysis was conducted and the Secretary of the VA determined in writing that there was no reasonable expectation that two or more veteran-owned small businesses could compete for the work. See id. Specifically, the Senate's exception states that "subparagraph (A) [mandating contracting with an AbilityOne entity] shall not apply in the case of a covered product or service for which a contract was—(I) awarded under paragraph (1) after December 22, 2006; and (II) in effect on the day of the date of the enactment of the

4

Department of Veterans Affairs Contracting Preference consistency Act of 2020." Id.  In other words, the Senate's amendment protects contracts that were already awarded to veteran-owned small businesses as a result of a Rule of Two determination.

At issue here is § 8127(d)(2)(B)(i)(I)'s reference to "awarded under paragraph (1)," requiring the VA to set aside certain requirements for veteran-owned small businesses. While the parties agree that this clause references § 8127(d)(1), they disagree as to when a contract satisfies § 8127(d)(1)'s "awarded under" requirement.  Section 8127(d)(1) states:

> **Use of Restricted Competition.**—**(1)** Except as provided in paragraph (2) and in subsections (b) and (c), for purposes of meeting the goals under subsection (a), and in accordance with this section, a contracting officer of the Department shall award contracts on the basis of competition restricted to small business concerns owned and controlled by veterans if the contracting officer has a reasonable expectation that two or more small business concerns owned and controlled by veterans will submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States.

## IV.   Class Deviation

Since the enactment of the VBA, the VA has issued several regulations and policies to assist contracting officers.  For example, on August 14, 2020, the VA issued a Class Deviation amending its VA Acquisition Regulation ("VAAR") to implement the Consistency Act.  See Dkt. No. 30, Ex. 6 (VA's Aug. 14, 2020 Deviation Memo, available at https://www.va.gov/oal/docs/business/pps/deviationVaar20200814.PDF).  The 2020 Class Deviation directs contracting officers to continue to conduct a Rule of Two analysis before purchasing certain items on the AbilityOne list.  This includes items that were awarded to veteran-owned small businesses pursuant to a Rule of Two analysis during the covered period.  The memorandum explains:

> In summary, the new legislation requires a contracting officer of the Department to procure covered products and services on the Procurement List maintained by the Committee for Purchase from People Who Are Blind or Severely Disabled (the Committee), through the AbilityOne Program, as a priority mandatory Government source.  The legislation also provides an exception [the Senate's exception at § 8127(d)(2)(B)] when a covered product or service was procured from an eligible Service-Disabled Veteran-Owned Small Business (SDVOSB) or Veteran-Owned Small Business (VOSB) as a result of a VA Rule of Two determination between the period after December 22, 2006 and the day before the date of enactment of the Act, August 07, 2020.  In such a case, the covered product or service shall continue to be procured under VA's SDVOSB/VOSB set-aside program,

provided two or more SDVOSBs/VOSBs are expected to provide the same or similar product at a fair and reasonable price, that offers the best value to the United States.

Id. at 1–2.

## V.   The Facts

In response to the Federal Circuit's decision in <u>PDS Consultants</u>, the VA conducted market research and a Rule of Two determination for its prescription eyeglass requirements in VISNs 2 and 7.  After determining that there were at least two eligible veteran-owned small businesses the VA awarded Superior Optical short-term sole-source contracts for VISNs 2 and 7 to "immediately comply with <u>PDS Consultants</u> decision."  <u>See</u> AR Tab 7–8.  The VA further explained that "a short-term contract is considered to be in the best interest of the Government in order to provide uninterrupted services, while pursuing a best value contract solution.  A competitive, long-term veteran-owned small business set-aside solicitation is expected to be released on FBO on or around November 1, 2019."  AR Tab 8 at 24; <u>see also</u> AR Tab 7 at 19.

### 1.   VISN 2

On January 8, 2006, prescription eyeglasses for VISN 2 were added to the AbilityOne list.  AR Tab 7 at 19.  IFB, a qualified non-profit under the AbilityOne program, was previously performing VISN 2.  AR Tab 8 at 26.  However, after the Federal Circuit's decision in <u>PDS Consultants</u>, the VA found that it was "no longer able to continue with the current contract with [IFB] after the end of the existing option period (September 30, 2019)."  <u>Id.</u> at 24.  As a result, in May of 2019, the VA completed a Market Research Report and a Justification and Approval ("J&A") for VISN 2 to determine whether there were two or more eligible veteran-owned small businesses capable of performing the work.  <u>See</u> AR Tab 7 at 14–21; AR Tab 8 at 22–27.  The VA sent a Sources Sought Notice to four potential veteran-owned small business contractors: AB Martin Services, Inc., LC Four Enterprise, LLC, PDS Consultants, and Superior Optical.  AR Tab 9 at 29.  PDS Consultants and Superior Optical responded that they were capable and interested in fulfilling VISN 2's requirements.  <u>Id.</u>  As a result of delays in conducting a long-term procurement, the VA decided to proceed with a temporary sole-source award to Superior Optical.  AR Tab 8 at 24–25 ("At this time VISN 2 Downstate is pursuing a sole-source short-term contract with PDS Consultants, Inc. and a decision was made to spread the short-term requirements across the identified sources to provide as much opportunity to the SDVOSB community as possible.").

Superior Optical's VISN 2 award began on October 1, 2019, and included a one-year base period (until September 30, 2020) plus a six-month option (from October 1, 2020 to March 31, 2021).  AR Tab 13 at 53.  On July 17, 2020, Superior Optical received notice

that VISN 2 intended to exercise the option period and continue services from October 1, 2020 through March 31, 2021. AR Tab 17 at 163. However, on August 18, 2020, the VA Office of General Counsel notified the contracting officer that under the newly enacted Consistency Act, the VISN 2 requirement was a "covered product" and because the award with Superior Optical was under § 8127(c) (a sole-source award) and not § 8127(d), the VA was required to use an AbilityOne vendor. Id. As a result, the VA spoke with IFB on August 21, 2020, and determined that it would fulfill VISN 2 beginning October 1, 2020. Id.

### 2. VISN 7

Similar to VISN 2, the VA conducted market research and determined that there were at least two veteran-owned small businesses, Superior Optical and PDS Consultants, capable of fulfilling the VA's requirements under VISN 7. AR Tab 22 at 188. Again the VA referenced PDS Consultants, explaining that even when a product or service is on the AbilityOne list and would typically be awarded to an AbilityOne provider, the VBA "unambiguously demands" that the VA prioritize veteran-owned small businesses, which "directly impacts" VISNs 2 and 7 contracts with IFB. AR Tab 7 at 19; AR Tab 22 at 188.

On September 15, 2019, the VA awarded the first VISN 7 bridge contract to Superior Optical. AR Tab 23 at 192. The VA's Independent Government Cost Estimate for VISN 7 determined that a full year of requirements was almost $[*********]. AR Tab 20 at 183. However, a short-term sole-source contract could not exceed $5 million. See 38 U.S.C. § 8127(c). In an effort to provide the VA with more time to conduct a competitive award, the VA awarded Superior Optical a six-month sole-source contract (from September 15, 2019 through March 14, 2020) with a maximum price of $4,957,798. AR Tab 23 at 192; AR Tab 24 at 258.

On March 13, 2020, the VA executed a J&A to award another two-month bridge contract to Superior Optical. AR Tab 28 at 264–70. The VA planned to award a one-year competitive service-disabled veteran-owned small business contract within the next 60 days. Id. at 269. Thus, the VA concluded that "[a] short-term contract is considered to be in the best interest of the Government in order to provide uninterrupted services, while pursuing a long-term contract solution." Id. at 266. In its J&A, the VA noted that it had already conducted market research and identified three vendors who were capable of performing the work for the VISN 7 eyeglass service. Id. at 266–67. On March 18, 2020, the VA issued Solicitation No. 36C24720R0002 for a one-year, 100% veteran-owned small business set-aside VISN 7 procurement. Dkt. No. 30, Ex. 8.

On May 15, 2020, the VA again entered into a bridge contract with Superior Optical, this time for two weeks (from May 15, 2020 through May 31, 2020). AR Tab 31. The VA stated that it was "finalizing the Pre-Award Phase of Solicitation 36C24720R0002, which is scheduled to be awarded on May 15, 2020 [the date the bridge contract was to begin];

however, there will need to be a transition period to cover the phase in."  AR Tab 31 at 337–38; see also id. at 340 (explaining that the VA had completed the technical evaluations and was in the process of finalizing the pre-award documents for the competitive one-year SDVOSB contract).

The VA continued to experience delays in awarding a contract under Solicitation 36C24720R0002, and on July 15, 2020, issued another two-week award to Superior Optical (from July 15, 2020 through July 28, 2020).  AR Tab 37 at 409.  According to the VA's July 15, 2020 J&A, Solicitation 36C24720R0002 was expected to be awarded in two days on July 17, 2020.  Id. at 412.  The VA never finalized Solicitation 36C24720R0002 and instead continued to extend the short-term bridge contract.  AR Tabs 39–40.  On August 21, 2020, the VA cancelled Solicitation 36C24720R0002.  Dkt. No. 30, Ex. 8; AR Tab 17–18.  Currently, the VA issues orders to Superior Optical on a month-to-month basis, which will end on October 31, 2020.  AR Tab 22 at 188.

## VI.   Procedural History

At the parties' request, the Court considered this protest on an expedited basis.  The Government submitted a certified copy of the administrative record on September 23, 2020.  On September 25, 2020, Superior Optical filed a MJAR pursuant to Rule 52.1 of the Court of Federal Claims ("RCFC").  On September 30, 2020, the Government and IFB filed cross-motions for judgment on the administrative record.  The Government and IFB contend that the statute is clear, and § 8127(d)(2)(B) permits some contracts previously awarded to veteran-owned businesses to remain with those businesses instead of transferring to an AbilityOne provider.  On the merits, they argue that the plain language permits only competitively awarded contracts to remain with veteran-owned small businesses, not noncompetitive sole-source contracts such as Superior Optical's VISNs 2 and 7 contracts.  Briefing concluded on October 8, 2020, and oral arguments were conducted on October 14, 2020.

## VII.   Present Dispute

On September 16, 2020, Superior Optical filed a complaint in this Court claiming that the VA's decision to procure VISNs 2 and 7 through the AbilityOne program is in violation of the Consistency Act and the VA's August 14, 2020 Class Deviation.  Compl. ¶ 2.  The parties disagree on how to interpret "awarded under paragraph (1)" in the exception contained in the Consistency Act at 38 U.S.C. § 8127(d)(2)(B).  The parties agree that "paragraph (1)" refers to § 8127(d)(1), which directs the VA to set-aside procurements for requirements that meet the Rule of Two.  That is the extent to which they agree.  At the heart of the disagreement is whether the Consistency Act's exception at § 8127(d)(2)(B) is limited to competitively awarded contracts.

Superior Optical argues that the VA's transition of VISNs 2 and 7 to the AbilityOne program violates the "plain text" of the Consistency Act.  Dkt. No. 30 at 26.  According to

Superior Optical, "awarded under paragraph (1)" refers to the Rule of Two determination required by § 8127(d)(1) "and is agnostic as to the specific contract type the VA ultimately uses to fulfill the Rule's mandate." Dkt. No. 36 at 5. Superior Optical posits that § 8127(d)'s reference to subsections (b) and (c) merely indicates that the VA has the "flexibility" to use noncompetitive procedures for awards under a certain dollar amount but does not indicate that noncompetitive awards are necessarily excluded from § 8127(d). See Dkt. No. 30 at 28–29; Dkt. No. 36 at 9–10. Once the VA determines that the Rule of Two is applicable, Superior Optical contends the VA must then contract with a veteran-owned small business but has the discretion to choose which type of contract to use. See id. Superior Optical clarifies that it does not believe all noncompetitive awards will satisfy § 8127(d); rather, only those noncompetitive awards where the VA first conducted a Rule of Two analysis and determined that two or more veteran-owned small businesses could perform the work. Dkt. No. 36 at 9–10. Effectively, Superior Optical is saying that the Senate exception in the Consistency Act turns on whether a Rule of Two determination was made prior to the award; not whether competitive or noncompetitive procedures were ultimately used. Id.

Even if the Consistency Act is ambiguous, Superior Optical argues that the VA violated "the express text of the VA's own Class Deviation." Dkt. No. 30 at 33. Superior Optical highlights that nowhere in the Class Deviation does it limit the Consistency Act to only competitively awarded contracts. Dkt. No. 30 at 34; see also Dkt. No. 36 at 7. Rather, the Class Deviation merely requires the VA to have (1) awarded a contract to a VIP-listed veteran-owned small business and (2) conducted a Rule of Two determination. Dkt. No. 30 at 33–34. Superior Optical is a VIP-listed service-disabled veteran-owned small business and the contracting officer made a determination that at least two VIP-listed veteran-owned small businesses would submit offers for the same or similar product. See AR Tab 7 at 20; AR Tab 9 at 29. Therefore, Superior Optical concludes that it also satisfies the VA's Class Deviation requirements.

To support its argument, Superior Optical includes a letter from Senator Roger F. Wicker, who was involved in the drafting of the Senate amendment to the Consistency Act, § 8127(d)(2)(B). Dkt. No. 36, Ex. 12. Senator Wicker confirms that the goal was to "protect Superior's contracts (among others) from transition" and "the Senate's focus was on whether the VA had conducted a Rule of Two determination, not on whether a contract was specifically issued as a sole source contract through a competition." [2] Dkt. No. 36, Ex. 12. Superior Optical also includes a public statement by IFB regarding the Consistency

---

[2] The Government filed a motion to strike Senator Wicker's letter from the administrative record. Dkt. No. 38. During oral arguments, the Court denied the Government's motion, holding that it was appropriate to include the letter as part of the court record in the protest. See Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979) ("Although we cannot accord these remarks the weight of contemporary legislative history, we would be remiss if we ignored these authoritative expressions concerning the scope and purpose [of the Act]…..").

Act, explaining that the amendment would "not enable IFB Solutions to regain the VA contracts lost last fall or all of the optical lab jobs supporting those contracts." Dkt. No. 30, Ex. 11 (Press Release, IFB Solutions, Protecting Jobs for the Blind (last visited Oct. 12, 2020) (available at https://ifbsolutions. org/our-news/jobsfortheblind/)).

The Government and IFB respond that the Senate exception at § 8127(d)(2)(B) applies only when a contract was previously awarded under the competitive procedures detailed in § 8127(d)(1). See Dkt. No. 31 at 21; Dkt. No. 39 at 10. They accuse Superior Optical of conflating sole-source contracts under § 8127(c) with competitive awards under § 8127(d). See Dkt. No. 31 at 21; Dkt. No. 39 at 13. According to the Government and IFB, paragraph (1)'s language stating, "except as provided in paragraph (2) and in subsection (b) and (c) [sole-source awards]," "expressly excludes" noncompetitive sole-source contracts. Dkt. No. 31 at 21–22; see also Dkt. No. 39 at 13. "The plain language of the statutory exception extends only to awards made under section 8127(d)(1), not to any award that could be construed as 'the direct result of the VA's Rule of Two determination' as Superior contends." Id. Accordingly, because Superior Optical's contracts are noncompetitive sole-source contracts, it is unable to satisfy the prerequisite for the Senate's exception to apply and the VA must procure VISNs 2 and 7 from an AbilityOne non-profit provider.

The Government and IFB also disagree with Superior Optical's interpretation of the VA's Class Deviation. They argue that only contracts under the set-aside program are eligible under the Senate exception. Dkt. No. 31 at 24. Under the Class Deviation "[i]f a contract for a covered product was previously awarded to a VIP-listed SDVOSB or VOSB after December 22, 2006 and in effect August 07, 2020, the requirement shall continue *to be procured as a SDVOSB/VOSB set-aside*…" Dkt. No. 39 at 18 (emphasis in original). According to the Government and IFB, Superior Optical misreads the Class Deviation and ignores the requirement that only those contracts initially procured through a set-aside are eligible. Id. This means, the Government says, that the Class Deviation's reference to set asides necessarily implicates the restricted competition procedures laid out in § 8127(d)(1) "as only that section talks about set-aside competitive awards." Dkt. No. 31 at 24; see also Dkt. No. 39 at 17–18.

Discussion

I.   Standard of Review

The Tucker Act grants this Court subject-matter jurisdiction over bid protests. 28 U.S.C. § 1491(b)(1). In a bid protest, the Court reviews an agency's decision pursuant to the standards set out in the Administrative Procedure Act ("APA"). 28 U.S.C. § 1491(b)(4); 5 U.S.C. § 706. The APA provides that "a reviewing court shall set aside the agency action if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

An agency's decision does not violate the APA if the agency "provided a coherent and reasonable explanation of its exercise of discretion." Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332–33 (Fed. Cir. 2001). Further, an agency must articulate a "rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (citation omitted). The Court's review is "highly deferential" to the agency as long as the agency has rationally explained its award decision. Bannum, Inc. v. United States, 91 Fed. Cl. 160, 169–70 (2009).

Even if the agency acted without a rational basis, the Court cannot grant relief unless the agency's action prejudiced the protestor. See Bannum, Inc. v. United States, 404 F.3d 1346, 1351 (Fed. Cir. 2005). The erroneous agency action prejudices a protestor if, but for the agency's error, there was a "substantial chance" that the agency would have awarded the contract to the protestor. Alfa Laval Separation, Inc. v. United States, 175 F.3d 1365, 1367 (Fed. Cir. 1999) (internal citation omitted); see also Bannum, 404 F.3d at 1353.

The Court reviews an MJAR to determine whether "given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence in the record." DMS All–Star Joint Venture v. United States, 90 Fed. Cl. 653, 661 (2010). In other words, in evaluating the parties' cross-motions, the Court considers whether the "protestor has met its burden of proof that an award is arbitrary, capricious ... or violates to prejudicial effect an applicable procurement regulation." Tech. Sys. Inc. v. United States, 50 Fed. Cl. 216, 222 (2001).

The Court may make findings of fact where necessary. See Bannum, 404 F.3d at 1356. The existence of a material issue of fact, however, does not prohibit the Court from granting an MJAR, and the Court is not required to conduct an evidentiary proceeding. See id. at 1357 (instructing the Court of Federal Claims to make factual findings under RCFC 52 "as if it were conducting a trial on the record"). In this case, the relevant facts are not in dispute.

## II.   The Senate's Amendment to the Consistency Act is Clear

Superior Optical's first argument in support of its MJAR is that the VA violated the Consistency Act when it attempted to transition VISNs 2 and 7 to the AbilityOne program. The Consistency Act was created in response to the Federal Circuit's PDS Consultants decision, requiring the VA to conduct Rule of Two analysis for all procurements after the VBA was passed. 907 F.3d at 1356. The Consistency Act removed the requirement that the VA conduct a Rule of Two analysis before awarding covered products or services that were added to the AbilityOne list prior to the enactment of the VBA in 2006. The question before the Court is whether, after the passage of the Consistency Act, the VA was required

11

to set-aside all contracts awarded under a Rule of Two analysis for veteran-owned small businesses, or just those that were competitively awarded.

Superior Optical understands the Consistency Act to "prevent the VA's re-transition of contracts already awarded to veteran-owned small businesses as a result of a Rule of Two analysis." Dkt. No. 36 at 7. Superior Optical explains that VISNs 2 and 7 were "awarded under paragraph (1)" because the VA first conducted a Rule of Two determination, next determined it was required to set both VISNs aside for veteran-owned small business, and only then chose to use a sole-source award, an exception "expressly incorporated in paragraph (d)(1)." Dkt. No. 30 at 28–29. Moreover, Superior Optical argues that "at all points, the VA's actions were guided by and made 'under' the requirements of paragraph (d)(1)." Id.

The Government and IFB have a slightly different understanding: "section 8127(d)(1) refers only to competitions between SDVOSBs under section 8127(d)…a concept that is antithetical to a sole source award, which is an exception to competition and necessarily presupposed the existence of only one available source." Dkt. No. 39 at 10–11; see also Dkt. No. 37 at 7. In the Government's view, § 8127(d)'s language that subsection (c) is "excepted" from this paragraph indicates that sole-source awards cannot fall under § 8127(d). Dkt. No. 37 at 7.

To determine whether the statutory language is plain and unambiguous, the Court looks at "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997); see also Muwwakkil v. Off. of Pers. Mgmt., 18 F.3d 921, 924 (Fed. Cir. 1994). The Court's analysis, therefore, begins with the language of the statute itself. See Robinson 519 U.S. at 340. The Government and IFB misread the clear language of § 8127(d)(1), which is not limited to competitively awarded contracts. Rather, the section addresses any contracts that were awarded pursuant to a Rule of Two determination. It also includes an exception for contracts under a certain dollar amount, explaining that those awards may be awarded on a sole-source basis.

Under the VBA of 2006, the VA had to perform a Rule of Two inquiry that favors veteran-owned small businesses prior to awarding the requirement to another contractor. See PDS Consultants, 907 F.3d at 1345; see also Kingdomware Techs., 136 S. Ct. at 1977. The Consistency Act amended the VBA to create a preference for the blind and severely disabled over veterans in certain instances, but the Senate included an exception setting forth a mandatory preference for contracting with veteran-owned small businesses that satisfy § 8127(d) and were executed during a certain time period. 38 U.S.C. § 8127(B)(i)(I)–(II).

Nowhere in the Senate exception at § 8127(B)(i)(I) does it limit awards only to those using competitive procedures. Rather, the Senate exception applies to all contracts

"awarded under paragraph (1) [§ 8127(d)(1)]." Id. at § 8127(B)(i)(I). Section 8127(d)(1) directs the VA to conduct competitive set-aside procurements for requirements that meet the Rule of Two. However, requirements under a certain dollar threshold may be awarded through noncompetitive processes laid out in subsections (b) and (c). Id. at § 8127(d)(1). The Government and IFB read too much into the phrase "except as provided…in subsection (b) and (c)" when they try to extinguish sole-source awards from § 8127(d)(1). Section 8127(d) merely indicates that the VA may exercise its discretion and choose not to conduct a Rule of Two analysis when issuing awards under a certain dollar threshold. See Kingdomware Techs., 136 S. Ct. at 1977 ("Except when the Department uses the noncompetitive and sole-source contracting procedures in subsections (b) and (c), § 8127(d) requires the Department to use the Rule of Two before awarding a contract to another supplier."). Based on this language, once *any* award is issued to a veteran-owned small business pursuant to a Rule of Two determination it necessarily falls under § 8127(d).

All three parties cite PDS Consultants, which also dealt with VISNs 2 and 7. In PDS Consultants, the Federal Circuit explained that except when using non-competitive procedures under Section 8127(b) or (c), the VA must "use the Rule of Two *before* awarding a contract to another supplier." PDS Consultants, 907 F.3d at 1360 (quoting Kingdomware Techs., 136 S. Ct. at 1977) (emphasis supplied in PDS Consultants). In other words, the VA is not required, but may choose, to conduct a Rule of Two analysis when issuing a sole-source award under subsection b or c. However, once the Rule of Two is satisfied § 8127(d) applies. See PDS Consultants, 907 F.3d at 1358 ("§ 8127(d) applies only when the Rule of Two is satisfied").

The Court agrees with Superior Optical that Section 8127(d)(1), formerly § 8127(d), refers to all contracts awarded pursuant to a Rule of Two analysis. Contrary to the Government's and IFB's assertion, § 8127(d)(1) is not limited only to those contracts that were awarded pursuant to a Rule of Two analysis *and* on the basis of competition. Dkt. No. 31 at 13; Dkt. No. 39 at 18. Under the VBA, the VA must "limit competition to veteran-owned small business when the Rule of Two is satisfied," period. PDS Consultants, 132 Fed. Cl. at 127. The Consistency Act's main goal was to ensure that in some instances the blind and severely disabled had preference over veteran-owned small businesses and to limit further transition of work away from the AbilityOne program as a result of the broad application of the Rule of Two in PDS Consultants. See 165 Cong. Rec. E1597-03, 2019 WL 6885484 (Dec. 17, 2019). However, the Consistency Act's language in its final form is a compromise and included an exception to protect certain contracts that had already been transitioned to veteran-owned small businesses.

The Court in PDS Consultants found that the preference for veteran-owned small businesses overrode the general contracting preference for the blind and visually impaired. See 907 F.3d at 1359. Although Congress enacted the Consistency Act in direct response to PDS Consultants and amended the VBA to provide a preference for the blind and visually impaired in some instances, it does not change the fact that § 8127(d)(1) is not

limited to competitively awarded contracts.  It seems clear that Congress' intent in adding the exception to the Consistency Act was to prevent the VA from transitioning contracts previously awarded to veteran-owned small businesses as a result of a Rule of Two analysis back to the AbilityOne program.  The Government and IFB concede that VISNs 2 and 7 were awarded pursuant to a Rule of Two analysis which determined that at least two veteran-owned small businesses were capable of performing the requirements at a fair and reasonable price.  AR Tab 7 at 20; AR Tab 28 at 266.  As a result, the VA understood that it was required to set -aside the requirement for a veteran-owned small business and only chose to issue a sole-source award  "to immediately comply with the PDS Consultants decision" but "inten[ded]  to competitively award a long-term VISN-wide contract that would be a total SDVOSB set-aside."  AR Tab 7 at 20.

Moreover, there is no indication that Congress meant to distinguish contracts awarded competitively pursuant to a Rule of Two analysis versus those awarded noncompetitively.  Although the statements of one legislator are of limited persuasive power, they are, nonetheless, relevant, particularly here where the legislative history is sparse.  See Fed. Energy Admin. v. Algonquin SNG, Inc., 426 U.S. 548, 564 (1976); Pacific Gas & Elec. Co. v. Energy Res. Conserv. & Dev. Comm'n, 461 U.S. 190, 220 n.23 (1983).  Senator Roger F. Wicker, who was "intimately involved in the drafting of the Senate amendment" explained that "[i]n drafting § 8127(d)(2)(B), the Senate's focus was on whether the VA had conducted a Rule of Two determination, not on whether a contract was specifically issued as a sole source contract or through competition." Dkt. No. 36, Ex. 12; see also  North Haven Bd. of Educ. v. Bell, 456 U.S. 512, 530–31 (1982).  Further supporting Superior Optical's contention that Congress's primary concern was ensuring contracts awarded pursuant to a Rule of Two determination—irrespective of the type of procedures—were set aside for veteran-owned small businesses.  While these statements are by no means dispositive, they shed some light on the intent of the intended scope of § 8127(d)(2)(B) and lend credence to Superior Optical's interpretation of the Consistency Act.  See Brock v. Pierce Cty., 476 U.S. 253, 263 (1986); United States v. O'Brien, 391 U.S. 367, 383 (1968).

Accordingly, based on the language of  § 8127(d)(1), all requirements awarded pursuant to a Rule of Two determination and awarded after December 22, 2006 and in effect before August 7, 2020, shall continue to be set aside for veteran-owned small businesses until such time as the Rule of Two is no longer satisfied.

III.   The Chevron Method of Statutory Interpretation

Even if the statute is ambiguous, Superior Optical's protest would still succeed.  See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 843 (1984).  Applying Chevron deference, the Court first determines "whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent

of Congress." Id. at 843. If the statute is ambiguous, the Court then should defer to an agency's interpretation of the statutory language, provided that interpretation is reasonable. See id. at 842–43; United States v. Mead, 533 U.S. 218, 229 (2001).

The only reason the Government can even make the argument that VISNs 2 and 7 do not satisfy § 8127(d)(1) is because the VA's actions led to extensive delays and ultimately a failed competitive solicitation for veteran-owned small businesses. See AR Tab 8 at 24; AR Tab 7 at 19**.** The VA continued to make empty promises to Superior Optical, assuring it that a competitive award was forthcoming while extending what were promised to be temporary bridge contracts just to pull the rug out from under Superior Optical. Indeed, the VA's conduct, through its Class Deviation and continued promise to conduct a competitive procurement, further undermines the Government and IFB's position. See Myer v. Holley, 537 U.S. 280, 281 (2003) (deferring to agency's reasonable statutory interpretation); Joint Venture of Comint Sys. Corp. v. United States, 100 Fed. Cl. 159, 165 (2011) ("[W]ithin the bid protest context [] this court has adopted a flexible approach…in putting together the evidence that will be considered…balancing the limited nature of the court's review with the competing need to recognize potential exceptions to treating the agency's submission as the four corners of the inquiry.") (citation and quotations omitted). For example, after PDS Consultants, the VA stated in its J&A that when the Rule of Two is satisfied, it "unambiguously demands" that the requirement be set aside for veteran-owned small businesses. AR Tab 7 at 19; Tab 8 at 24; Tab 22 at 188. The VA then used its discretion to issue a sole-source award in compliance with what is now paragraph 1 of the Consistency Act. AR Tab 7 at 20.

Furthermore, the VA's Class Deviation explains that where a covered product or service was procured as a result of a Rule of Two determination during the relevant period, the "covered product or service shall continue to be procured under the VA's SDVOSB/VOSB set-aside program, provided two or more SDVOSBs/VOSBs are expected to provide the same or similar product at a fair and reasonable price." Dkt. No. 30, Ex. 6. The Government and IFB argue that the reference to the set-aside programs "make clear that the contract had to initially be procured through a restricted competition (i.e. a "set-aside")." Dkt. No. 39 at 18; see also Dkt. No. 31 at 23–24. The Government's attempt to redefine the "set-aside program" to enhance its argument is unpersuasive. The sentence preceding the reference to the set-aside program defines the "exception" as one applying to covered products or services procured from veteran-owned small businesses "as a result of a VA Rule of Two determination between the period after December 22, 2006 and the day before the date of enactment of the Act, August 7, 2020." Id.

The VA's Class Deviation says nothing about competitive awards. Instead, it focuses only on contracts that were issued pursuant to a Rule of Two determination and thus had to be "set-aside" for veteran-owned small businesses. Here, both VISNs 2 and 7 were issued pursuant to a Rule of Two determination during the covered period. AR Tab 8 at 25; AR Tab 22 at 188. The fact that the Government then chose to issue short-term

bridge contracts—while it finalized the pre-award phase of a competitive solicitation for VISN 7—does not negate the fact that the Rule of Two determination was met and the VA had already "set-aside" those requirements for veteran-owned small businesses.  See AR Tab 14 at 56 (VISN 2 contract indicating that Superior Optical's sole-source award was "set aside 100% for service-disabled veteran-owned small business"); AR Tab 23 at 192 (VISN 7 contract indicating the same).  Therefore, in giving meaning to the words "set-aside program," the Court must be mindful of the VBA's broader purpose to "increase contracting opportunities for small business concerns owned and controlled by veterans and…by veterans with service-connected disabilities" and the fact that the Consistency Act was the result of a compromise.  38 U.S.C. § 8127(a)(1).  In sum, even if the statutory language is ambiguous, which it is not, the Court is deferring to the VA's earlier reasonable interpretation.

Under all these circumstances, the Court cannot say that Superior Optical's conclusion is incompatible with the "exception" to the Consistency Act.  Accordingly, Superior Optical's Motion for Judgment on the Administrative Record is GRANTED.

IV.    Propriety of Injunctive Relief

Under its bid protest jurisdiction, the Court has the power to issue injunctive relief pursuant to 28 U.S.C. § 1491(b).  See PGBA, LLC v. United States, 389 F.3d 1219, 1223 (Fed. Cir. 2004) ("We give deference to the Court of Federal Claims' decision to grant or deny injunctive relief, only disturbing the court's decision if it abused its discretion.").  In deciding whether to grant a permanent injunction, a court considers (1) whether the plaintiff has succeeded on the merits; (2) whether the plaintiff will suffer irreparable harm without an injunction; (3) whether the balance of the hardships favors an injunction; and (4) whether an injunction is in the public interest.  Id. at 1228–29 (citation omitted).

First, for the reasons stated above, Superior Optical has succeeded on the merits. Second, Superior Optical would suffer irreparable harm if the Court does not issue an injunction.  The "loss of potential work and profits from a government contract [can] constitute[] irreparable harm."  Macaulay-Brown, Inc. v. United States, 125 Fed. Cl. 591, 606 (2016) (citation omitted).  The relevant inquiry is whether a plaintiff has an adequate alternative remedy.  Id.  Here, the VA transferred the VISN 2 and 7 requirements to the AbilityOne program in violation of the Consistency Act.  Thus, Superior Optical will lose the opportunity to compete for VISNs 2 and 7 without injunctive relief.  Furthermore, Superior Optical's loss of potential profits constitutes irreparable injury for purposes of injunctive relief.  See MORI Assocs., Inc. v. United States, 102 Fed. Cl. 503, 504 (2011). Superior Optical states that these contracts represent more than [**] percent of its revenue and it has already invested over $[*********] in equipment, facilities, and personnel to meet the VA's requirements and continue to compete for these requirements in the future.  Dkt. No. 30 at 40–42.

Third, the balance of hardships favors Superior Optical.  Superior Optical is currently performing the VISN 2 and 7 contracts and injunctive relief will simply maintain the status quo while the VA conducts a lawful procurement.  See HP Enter. Servs., LLC v. United States, 104 Fed. Cl. 230, 245 (2012).  The VA is accustomed to bridge contracts with Superior Optical and can avoid any interruptions in the VISN 2 and 7 requirements through additional short-term contracts.  Thus, setting aside the AbilityOne placement will not result in a severe hardship for the VA.

Finally, the public has a profound interest "in preserving the integrity of the procurement process by requiring the government to follow its procurement regulations." Hosp. Klean of Texas, Inc. v. United States, 65 Fed. Cl. 618, 624 (2005); see also DGR Assocs., Inc. v. United States, 94 Fed. Cl. 189, 211 (2010).  The VA acted in violation of the law when it transferred the VISN 2 and 7 requirements to the AbilityOne program; therefore, it is in the public interest for the Court to correct the illegality and prevent the contract with IFB from proceeding.  The VA must issue a new solicitation and Superior Optical may compete for the award.  Accordingly, balancing the harm to the Government against the public interest served in maintaining the integrity of the procurement process supports the issuance of a permanent injunction.

V.   Permanent Injunction

The Department of Veterans Affairs (VA) is ENJOINED from awarding contracts to a source designated under chapter 85 of title 41 for the VA VISN 2 Upstate requirement for prescription eyeglasses and VISN 7 requirement for prescription eyeglasses and optician services that are covered products and services (as defined in 38 U.S.C. § 8127(d)(2)(C)) absent a determination as set forth in 38 U.S.C. § 8127(d)(2)(B)(ii) by the Secretary of the VA that when the current contracts for those requirements expire or are terminated there is no reasonable expectation that, as described in 38 U.S.C. § 8127(d)(1)—(I) two or more small business concerns owned and controlled by veterans will submit offers; and (II) the award can be made at a fair and reasonable price that offers best value to the United States.

### Conclusion

Based upon the foregoing, the Court GRANTS Superior Optical's Motion for Judgment on the Administrative Record and motion to permanently enjoin the VA from transitioning the VISN 2 and 7 requirements to the AbilityOne program.  The Court DENIES the Government's and IFB's Motions for Judgment on the Administrative Record.  The Clerk of the Court is directed to enter judgment for Superior Optical.  No costs.

Within seven days, on or before October 28, 2020, counsel for the parties shall carefully review this opinion for any proprietary, confidential, or other protected information, and submit to the Court proposed redactions, if any, before the opinion is

released for publication.  The Court has prepared this opinion with the intent of disclosing the entire contents to the public.   Therefore, any proposed redactions must be well supported with an explanation of the specific reasons and authorities.

IT IS SO ORDERED.

s/ Thomas C. Wheeler

THOMAS C. WHEELER

Judge
